IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MORGAN STANLEY & CO. INCORPORATED, a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>CARL E. CHOY, an individual; LYNNE R. KINNEY, an individual; and RONALD C. WO, an individual,<br><br>          Defendants. | CIVIL NO. 08-00467 HG KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION AND APPLICATION FOR ORDER TO SHOW CAUSE REGARDING CONTEMPT OF COURT'S ORDER** |

**ORDER DENYING PLAINTIFF'S MOTION AND APPLICATION FOR ORDER TO SHOW CAUSE REGARDING CONTEMPT OF COURT'S ORDER**

Defendants Carl E. Choy, Lynne R. Kinney, and Ronald C. Wo, were employed as financial advisors, or brokers, in the Honolulu branch office of Plaintiff Morgan Stanley & Co., Inc. Plaintiff alleges that Defendants, upon their resignation from Morgan Stanley & Co., Inc., breached the terms of their employment agreements and violated the restrictions set forth in the Protocol for Broker Recruiting. The Court granted Plaintiff's Motion for a Temporary Restraining Order. After several additional hearings, the Court also granted Plaintiff's Motion for a Preliminary Injunction. The parties' dispute then proceeded to binding arbitration, pursuant to the Financial Industry Regulatory Authority Arbitration Dispute Resolution procedures.

Plaintiff now moves for an Order to Show Cause Regarding Contempt of the Court's Preliminary Injunction Order.

Plaintiff's Motion and Application for Order to Show Cause Regarding Contempt of Court's Order (Doc. 24) is **DENIED**.

## PROCEDURAL HISTORY

On October 20, 2008, Plaintiff Morgan Stanley & Co., Inc. ("Plaintiff" or "Morgan Stanley"), filed a Complaint against Defendants Carl E. Choy, Lynne R. Kinney, and Ronald C. Wo ("Defendants"). (Doc. 1, "Complaint".) Plaintiff also filed a Motion and Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction. (Doc. 4.) Plaintiff also submitted a Declaration from Gwen Pacarro, a Complex Manager and Senior Vice-President of Morgan Stanley, who is the head manager of the Hawaii branch offices for Morgan Stanley.

The hearing on Plaintiff's Motion and Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction (Doc. 4) occurred over the course of four days: October 20, 21, 22, and 27, 2008.

At the hearing on October 20, 2008, the Court issued a Minute Order (Doc. 8, "10/20/08 Minute Order") finding that a Temporary Restraining Order was appropriate in light of the evidence presented by the Plaintiff and the failure of Defendants to provide any rebuttal. The Court's decision was based upon the

possibility of irreparable injury to Plaintiff, the balance of interests between the parties, and the likelihood of success on the merits based on the evidence before the Court. A Temporary Restraining Order was issued. The hearing on Plaintiff's Motion and Application was continued until October 21, 2008, in order for the Court to address Plaintiff's request for a Preliminary Injunction.

On October 21, 2008, Defendants filed an Opposition to Plaintiff's Motion for Temporary Restraining Order, along with Declarations from each of the three Defendants. (Doc. 13, "Opposition".) At the hearing that afternoon, Defendant Carl E. Choy testified. (Doc. 11, "10/21/08 Minute Order".) The hearing on Plaintiff's Motion and Application was continued until October 22, 2008. The Temporary Restraining Order remained in effect.

On October 22, 2008, Defendant Carl E. Choy once again testified at the hearing on Plaintiff's Motion and Application. (Doc. 15, "10/22/08 Minute Order".) The Temporary Restraining Order was extended until November 1, 2008. In addition, the Court ordered the parties to submit a proposed written order.

On October 27, 2008, the Court held a hearing regarding the proposed written order filed by the parties. (Doc. 22, "10/27/08 Minute Order".) Upon review of the evidence, the Court granted Plaintiff's Motion for a Preliminary Injunction; the Court memorialized the ruling in a written order dated October 29, 2008. (Doc. 23, "Preliminary Injunction Order".)

3.

On October 30, 2008, Plaintiff filed a Motion and Application for Order to Show Cause Regarding Contempt of Court's Order. (Doc. 24.)

On October 31, 2008, Defendants filed an Opposition to Plaintiff's Motion and Application for Order to Show Cause Regarding Contempt of Court's Order. (Doc. 26.)

On the same day, the Court held a hearing on Plaintiff's Motion and Application for Order to Show Cause Regarding Contempt of Court's Order. (Doc. 28, "10/31/08 Minute Order".) The Court asked the parties to submit additional briefing, and scheduled a hearing for December 2, 2008.

On December 2, 2008, the Court continued the hearing on Plaintiff's Motion and Application for Order to Show Cause Regarding Contempt of Court's Order. (Doc. 47, "12/2/08 Minute Order".) The Court requested that the parties brief the following three issues:

(1) The effect of the Financial Industry Regulatory Authority's arbitration rules and the Financial Industry Regulatory Authority's Interim Injunctive Order, dated 11/6/08, on the Court's jurisdiction to take evidence and rule on Plaintiff's allegations of contempt against Defendants, and what relief can be granted by the Court if contempt is found.

(2) If Plaintiff believes that this Court retains jurisdiction and the civil contempt proceeding should go forward, Plaintiff should state the legal basis for its position.

(3) Plaintiff should also state the legal basis for its position that Plaintiff is entitled to recover the attorney's fees incurred in connection with

4.

the Motion and Application for Order to Show Cause Regarding Contempt of Court's Order.

On December 19, 2008, Plaintiff submitted a Memorandum in Support of Court's Jurisdiction over Contempt Issues. (Doc. 51.)

On January 6, 2009, Defendants submitted a response to Plaintiff's Memorandum in Support of Court's Jurisdiction over Contempt Issues. (Doc. 57.)

## BACKGROUND

Plaintiff Morgan Stanley & Co., Inc. ("Plaintiff" or "Morgan Stanley") is a global financial services firm. The three Defendants in this action, Carl E. Choy ("Choy"), Lynne R. Kinney ("Kinney"), and Ronald C. Wo ("Wo") (collectively, "Defendants"), were employed as financial advisors, or brokers, in the Honolulu, Hawaii branch office of Morgan Stanley. Defendants managed approximately 1,200 Morgan Stanley customer accounts, representing approximately $900 million in assets under management. (Compl. at ¶ 24.) Each Defendant signed an employment agreement to which Morgan Stanley was either the original signatory or the successor in interest.

In addition, both Morgan Stanley and Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") are also signatories to the Protocol for Broker Recruiting ("Protocol"). The Protocol is attached as an exhibit to Plaintiff's Declaration from Gwen

Pacarro, the head manager of the Hawaii branch offices for Morgan Stanley. (Doc. 4, Pacarro Dec. Ex. G.) The Protocol is a securities industry agreement that allows departing brokers to immediately solicit the clients they served with their former employer if they follow the terms of the Protocol, notwithstanding the terms of any employment agreement that they may have signed. Pursuant to the terms of the Protocol, the departing broker may only take the following account information from the clients he serviced at his former firm: the client's name, address, phone number, email address, and account title. Id. The departing broker is prohibited from taking any other documents or information. Id. If the terms of the Protocol are followed, the departing broker may solicit his former clients after the termination of his employment with his former firm.

        On October 10, 2008, the three Defendants and two sales assistants who had worked in Defendants' group, Travis Hong and Dragica Jaksimovic, resigned from Morgan Stanley. Defendants each submitted a resignation letter addressed to Gwen Pacarro, and immediately commenced employment at the Honolulu branch office of Merrill Lynch. (Doc. 4, Pacarro Dec. ¶ 5, Ex. D.)

        Immediately after Defendants' resignation, Plaintiff suspected that Defendants had breached the terms of their employment agreements and violated the restrictions set forth in the Protocol. Plaintiff filed a Complaint (Doc. 1) and a Motion and Application for Temporary Restraining Order and Order to Show

Cause Regarding Preliminary Injunction (Doc. 4) against Defendants. Plaintiff alleges that Defendants were in violation of their employment agreements and the Protocol when they solicited Morgan Stanley clients to transfer their accounts to Merrill Lynch.

      The Court subsequently granted Plaintiff's motion for both a Temporary Restraining Order and a Preliminary Injunction. (Docs. 8, 23.) The parties' dispute then proceeded to binding arbitration, pursuant to the Financial Industry Regulatory Authority ("FINRA") Arbitration Dispute Resolution procedures. Plaintiff now moves for an Order to Show Cause Regarding Contempt of the Court's Preliminary Injunction Order. (Doc. 24.)

## ANALYSIS

      Plaintiff Morgan Stanley & Co., Inc. ("Plaintiff" or "Morgan Stanley") moves for an Order to Show Cause Regarding Contempt of the Court's Preliminary Injunction Order, dated October 29, 2008, against Defendants Carl E. Choy, Lynne R. Kinney, and Ronald C. Wo ("Defendants"). (Doc. 24.) Plaintiff seeks relief in this Court, despite the fact that the parties' dispute has proceeded to binding arbitration, pursuant to the Financial Industry Regulatory Authority ("FINRA") Arbitration Dispute Resolution procedures. The question presented here is whether the Court has jurisdiction to rule on and grant relief to Morgan Stanley based on Plaintiff's allegations of contempt

against Defendants.

The FINRA Code of Arbitration Procedure for Industry Disputes, pursuant to Rule 13200 ("Required Arbitration"), mandates that Morgan Stanley's action against Defendants proceed to arbitration. There are exceptions, however, to the Required Arbitration rule. Rule 13804(a)(1) ("Temporary Injunctive Orders") permits parties to seek temporary injunctive relief from a Court of competent jurisdiction. Rule 13804(a)(2) further requires, however, that a party seeking temporary injunctive relief contemporaneously file with FINRA a Statement of Claim requesting "all other relief." Rule 13804(a)(2) states, in relevant part:

> A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive relief and all other relief with respect to the same dispute in the manner specified under the Code.

Rule 13804(a)(2) is reinforced by Rule 13209 ("Legal Proceedings"), which states: "During an arbitration, no party may bring any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration."

The FINRA Arbitration Panel's Interim Injunctive Order, dated November 6, 2008, also prohibits Morgan Stanley from seeking damages in this Court. "Morgan Stanley shall advise Judge Gillmor of the issuance of this Order and neither party shall

8.

request further relief from the U.S. District Court or any other adjudicative body respecting the issues raised in the Uniform Submission Agreement, save and except for this panel." (See Doc. 34, Ex. F at 3.)

In view of the FINRA rules that govern the parties' arbitration proceedings, in which the parties are now involved, the Court **DENIES** Plaintiff's Motion and Application for Order to Show Cause Regarding Contempt of Court's Order. (Doc. 24.) The Court's Preliminary Injunction Order (Doc. 23) was issued in response to Plaintiff's allegations that Defendants breached their employment agreements and violated the terms of the Protocol for Broker Recruiting. Any damages that Plaintiff may have suffered due to Defendants' breach of their employment agreements and/or violation of the Protocol for Broker Recruiting, both before and after issuance of the Court's Preliminary Injunction Order, are available for recovery by Plaintiff in the FINRA arbitration proceedings.

//
//
//
//
//
//
//
//

9.

## **CONCLUSION**

Plaintiff's Motion and Application for Order to Show Cause Regarding Contempt of Court's Order (Doc. 24) is **DENIED**.

No further relief being available to Plaintiff in this Court, the case is **CLOSED**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, February 10, 2009.



  **/s/ Helen Gillmor**
Chief United States District Judge

---

MORGAN STANLEY & CO. INCORPORATED v. CARL E. CHOY, ET AL., Civil No. 08-00467 HG KSC; **ORDER DENYING PLAINTIFF'S MOTION AND APPLICATION FOR ORDER TO SHOW CAUSE REGARDING CONTEMPT OF COURT'S ORDER**